UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CARROLL GENE DIAZ**                                               **CIVIL ACTION**

**VERSUS**                                                                        **NO. 11-1127**

**DANIEL P. BROWN**                                               **SECTION: "C" (4)**

**ORDER AND REASONS**[1]

Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(5). (Rec. Doc. 7); (Rec. Doc. 12). Plaintiff opposes the motion. (Rec Doc. 13). This Court has considered the memoranda of counsel, the record, and the applicable law, and GRANTS the motion for the following reasons.

**BACKGROUND**

Plaintiff Carroll Gene Diaz ("Diaz"), proceeding *pro se* and *in forma pauperis*, filed a complaint for patent infringement against Daniel Brown ("Brown") on May 16, 2011. (Rec. Doc. 1). Diaz, a citizen of Thibodaux, LA, did not obtain a waiver of service but instead mailed a copy of his complaint to Brown, a citizen of Palos Park, IL, via certified mail. (Rec. Doc. 7-4). However, Diaz did not include a copy of the summons issued by this Court on May 17, 2011 with the documents he mailed to Brown. *Id*. Also, Diaz failed to include a statement of the grounds for this Court's jurisdiction in his complaint. (Rec. Doc. 1). Subsequently, Brown filed a motion to dismiss. (Rec. Doc. 7); (Rec. Doc. 12).

---

[1] Greg Feeney, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this order.

## LAW AND ANALYSIS

### a. Insufficient Service of Process

Pursuant to rule 4(e)(1) of the Federal Rules of Civil Procedure, "an individual . . . may be served in a judicial district of the United States by following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1). Under Louisiana law, service of process over a non-resident is proper when "a certified copy of the citation [ . . .] and of the petition [. . .] shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail." La. Rev. Stat. § 13:3204. In this case, there is no indication that Diaz included a copy of the summons with the complaint that he mailed to Brown. (Rec. Doc. 7-4). Thus, Brown did not receive sufficient service of process. The Court would generally allow Diaz to rectify the lack of sufficient service of process, however, because the Court additionally finds improper venue, dismissal is the proper course of action.

### b. Improper Venue

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Brown neither lives in Louisiana, nor has an established place of business in Louisiana. (Rec. Doc. 7-5 at 2). Thus, venue in the Eastern District of Louisiana is improper. *See Kabb, Inc. v. Sutera*, 1992 WL 245546 (E.D. La. Sept. 4, 1992) (holding in a patent infringement suit that venue in the Eastern District of Louisiana was improper because the defendant did not have a "regular and established place of business" in that district).

In order to pursue this law suit, Diaz will have to re-file his complaint in a district where venue is proper and give sufficient service of process to Brown.

### c. Personal Jurisdiction

Because the Court has found insufficient service of process and improper venue, the Court will not discuss whether there is personal jurisdiction over Brown.

### CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED without prejudice. (Rec. Doc. 7); (Rec. Doc. 12).

New Orleans, Louisiana this 3rd day of August, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE